**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

REYNEL BAUTISTA ANZOLA,

    Petitioner,

v.       Case No:   6:26-cv-180-GAP-NWH

WARDEN, ORANGE COUNTY JAIL, IMMIGRATION & CUSTOMS ENFORCEMENT (ICE), UNITED STATES DEPARTMENT OF HOMELAND SECURITY (DHS) and ICE FIELD OFFICE DIRECTOR, ORLANDO FIELD OFFICE,

    Respondents

## ORDER

This cause comes before the Court after a February 9, 2026 hearing on Petitioner's Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction. Doc. 23. The Court also considered Petitioner's Emergency Motion for Immediate Release. Doc. 24.

On January 27, 2026, this Court entered a TRO that temporarily enjoined Respondents and those in privity with them from transferring Petitioner Reynel Bautista Anzola ("Petitioner") from the Orange County Jail following his filing a Petition for Writ of Habeas Corpus. Doc. 9. That Order directed Respondents to

respond to Petitioner's Motion for TRO and show cause as to why the Court should not issue a preliminary injunction. *Id*. It also set the hearing for February 9, 2026. *Id*.

Following Respondents' Response to Petitioner's Motion (Doc. 14) on February 4, 2026, this Court amended its TRO to permit Respondents to temporarily move Petitioner from the Orange County Jail for the explicitly limited purpose of conducting the bond hearing that he is entitled to under 8 U.S.C. § 1226(a).[1] Doc. 15.

On the morning of this Court's February 9 hearing, Petitioner filed an Emergency Motion for Immediate Release, asserting that Respondents notified Petitioner of his bond hearing on a Sunday and with less than twenty-four hours' notice. Doc. 24, ¶ 6. Petitioner also represented to the Court that Petitioner's bond hearing had been continued to February 11, 2026. *Id.*, ¶ 7. Ultimately, no hearing occurred, no findings were made, and no relief was granted. *Id*.

The Court, recognizing the factual similarities between the instant matter and *Garcia v. Quinones, et al.*, No. 6:26-cv-181-GAP-DCI (M.D. Fla. Feb. 9, 2026), sua sponte asked Respondents whether they would agree to the same relief. *See id.*, Doc. 25. Because they did, and because Respondents and Petitioner agree to the

---

[1] On February 8, 2026, Respondents filed a Motion to Have Case Heard Last at the Court's February 9 hearing, in which they represented that Petitioner had a bond hearing before the Executive Office for Immigration Review ("EOIR") scheduled for 8:30am on February 9, 2026 in Baker County. Doc. 23. The Court denied this motion as moot at the hearing. Doc. 26.

conditions outlined below, the Court will accept Respondents' offer of release, rendering the Petition for Writ of Habeas Corpus relief (Doc. 1) moot.

Accordingly, it is **ORDERED** that:

1. Respondents shall immediately **RELEASE** the Petitioner from custody.

2. Respondents and all other persons or entities acting in active concert or participation with them shall:

    a. Be **TEMPORARILY RESTRAINED AND ENJOINED** from re-arresting Petitioner **for a period of 14 days from the date of this Order** given that Petitioner has been unlawfully held for a considerable time period;

    b. if Petitioner is re-arrested, **any detention must be in accordance with 8 U.S.C. § 1226(a)** and if Petitioner is not provided with opportunity for a bond hearing within 72 hours (excluding weekends) of his arrest, Respondents are **DIRECTED to release him**.

3. No security bond is required for this injunction as the Court deems it unnecessary.

4. The Petition for a Writ of Habeas Corpus and Injunctive Relief (Doc. 1) and Petitioner's Emergency Motion for Immediate Release (Doc. 24) are hereby **DENIED as moot**.

5. Petitioners are **DIRECTED** to notify their counsel should their place of residence change while their immigration proceedings are ongoing.

6. The Court retains jurisdiction to enforce this order. If Petitioner is later detained and deprived of a timely hearing (within 72 hours of arrest) but not released as ordered herein, he may move to reopen this case without opening a new file. The Court also retains jurisdiction to consider the matter of fees and costs.

7. **The Clerk is DIRECTED** to close the file thereafter.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 10, 2026.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

ICE: Attention Assistant Field Office Director at MIAAOR-Habeas-DG@ice.dhs.gov

Office of the United States Attorney
400 West Washington Street, Suite 3100
Orlando, FL 32801

By email USAFLM.Orlando2241@usdoj.gov

Orange County Jail/Warden's Office by email michele.carpentiere@ocfl.net

Orange County Sheriff's Office – Legal Services by emails irmpickupdesk@ocfl.net, so-as-legalservices@ocsofl.com and OCCDRecords@ocfl.net

Kristi Noem, Secretary
Office of the General Counsel
United States Department of Homeland Security
2707 Martin Luther King, Jr. Ave, SE
Washington, DC 20528

Garrett Ripa, Miami Field Office Director
United States Immigration and Customs Enforcement
865 SW 78th Avenue, Suite 101
Plantation, FL 33324

United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

United States Marshals at usms-mfl-orl@usdoj.gov.